# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUB DEAN TUNSTALL,<br><br>               Petitioner,<br><br>v.<br><br>TIM WENGLER,<br><br>               Respondent. | Case No. 1:10-CV-00463-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Motion for Summary Dismissal. (Dkt. 12.) Petitioner has filed a Response, and Respondent has filed a Reply. (Dkts. 14 & 15.) Having reviewed the arguments of the parties, as well as the state court record, the Court enters the following Order.

## BACKGROUND

Petitioner pleaded guilty to and was convicted of one count of rape in the Fifth Judicial District Court, in Twin Falls, Idaho. He received a unified sentence of 25 years, with the first 18 years fixed. The judgment of conviction was entered on September 29, 2004. (State's Lodging A-1, pp. 48-54.)

Petitioner pursued a direct appeal, arguing that his sentence was excessive. The Idaho Court of Appeals heard Petitioner's appeal, affirming the sentence. The Idaho

Court of Appeals denied Petitioner's petition for review and issued its remittitur on December 21, 2005. (State's Lodgings B-1 to B-7.)

On August 1, 2005, in the midst of his direct appeal, Petitioner filed a state post-conviction application, raising Fifth, Sixth, and Eighth Amendment claims. (State's Lodging C-1, pp. 27-33.) Petitioner's application was dismissed by the state district court on April 3, 2006. (*Id.*, pp. 64-65.) Petitioner filed an untimely notice of appeal that was dismissed by the Idaho Supreme Court. (State's Lodging D-3.)The remittitur was issued on August 15, 2006. (State's Lodging D-4.)

After his direct appeal concluded, Petitioner had nothing pending in state court until he filed a successive application for post-conviction relief on March 10, 2008. (State's Lodging C-1, pp. 103-112.) Petitioner relied on *Estrada v. State*, 149 P.3d 833 (Idaho 2006), where the Idaho Supreme Court determined that the Sixth Amendment guaranteed the right to the assistance of counsel for advice regarding participation in a psychosexual evaluation for purposes of sentencing. *Id*. at 838.[1]

Petitioner's successive post-conviction application was dismissed by the state district court. (State's Lodging C-1, pp. 177-208.) The Idaho Court of Appeals affirmed dismissal. (State's Lodging E-3.) The Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur on August 24, 2010. (State's Lodging E-6 & E-7.)

---

[1] The *Estrada* Court further clarified that this right "does not necessarily require the presence of counsel during the exam." *Id*. at 838 (italics in original).

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on September 7, 2010 (mailbox rule).[2] (Dkt. 3.) He brings claims that his counsel misled him about the length of his sentence under a guilty plea and performed ineffectively regarding a psychosexual evaluation ordered for sentencing.

## MOTION TO DISMISS

### 1.     Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

---

[2] *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once the federal statute of limitations has expired, a later-filed state court action will not serve to reinstate or resurrect the federal statute of limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was

filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court explained that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n.3 (9th Cir. 1999).

## 2.    Discussion

Petitioner's federal statute of limitations began running 90 days after direct appeal remittitur was issued (December 21, 2005 + 90 days = March 21, 2006), to account for the time period during which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). However, because Petitioner filed his post-conviction application during the pendency of his direct appeal, his federal statute of limitations was immediately tolled. The tolling continued while the action was pending in the state district court. On April 3, 2006, the

state district court dismissed the case, and Petitioner did not file a timely appeal. Therefore, 42 days after dismissal, on May 15, 2006, the order of dismissal became final.[3]

Petitioner's federal statute of limitations ran for one year, from May 15, 2006, to May 15, 2007. Petitioner filed no state-law action that would have tolled the federal statute during that time period. When Petitioner filed his successive state post-conviction application on March 10, 2008, it was too late to toll the federal statute, and the filing did not restart the statute.

There is no set of facts in the Petition that would suggest that any other provision of 28 U.S.C. § 2244(d)(1) would come into play to allow his statute of limitations on this claim to start at a later date. Petitioner argues that he was not aware of the Sixth Amendment violation addressed in *Estrada* until that decision was issued in 2006, and that fact should serve to either restart the statute of limitations for that claim or equitably toll the statute. While it is true that Petitioner may have pursued his claim diligently in the state courts once he learned of it, there is no federal provision of law that restarts the statute when a *state* court issues an opinion addressing a federal constitutional issue. Notably, § 2244(d)(1)(C) (cited above) would *not* apply, because it is limited to decisions

---

[3]   Even if the Court counted the time during which the appeal was filed–through the date the Idaho Supreme Court issued its remittitur in that case, on July 24, 2006–Petitioner's federal Petition would still be untimely. Because the 90-day extension period does not apply to post-conviction relief actions, Petitioner's one-year period would have begun running again. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

of the United States Supreme Court.[4] Similarly, § 2244(d)(1)(D) would not apply

because, although the Idaho Supreme Court *case law* was "new," the *facts* supporting

Petitioner's particular claim were *not* new and could have been brought either at the time

of direct appeal or in a post-conviction action filed within one year of the finality of

Petitioner's direct appeal, which would have statutorily tolled the federal statute of

limitations.

Petitioner also argues that he has established "extraordinary circumstances," such

that equitable tolling should be applied to his case, because of the newness of *Estrada*.

However, "extraordinary circumstances" refers to a set of facts, not a new state-court

interpretation of law. *See Holland*, 130 S.Ct. at 2565. The Court cannot use the

"extraordinary circumstances" exception to carve out an equitable exception for a new

state-court interpretation of law to supplement the statute, when Congress excluded that

---

[4] In *Kriebel v. State*, 219 P.2d 1204 (Idaho Ct. App. 2009), the Idaho Court of Appeals addressed retroactive application of *Estrada*, concluding that *Estrada* did not apply retroactively because it did not announce a "new" rule, and, even if it did, it did not constitute a "watershed" rule of criminal procedure under *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). *Id.* at 1206-07. *Teague* established the principle that, absent certain narrow exceptions, new constitutional rules of criminal procedure that are decided after a defendant's conviction becomes final on direct appeal will not be applied retroactively to the defendant if he seeks collateral review of his conviction. 489 U.S. at 310. This non-retroactivity principle was adopted by a majority of the United States Supreme Court in *Penry v. Lynaugh*, 492 U.S. 302, 313 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).

exception when it considered the issue of timeliness, allowing only for instances where new United States Supreme Court cases are applied retroactively. *See* § 2244(d)(1)(C).

Petitioner also argues that he was transferred from Idaho to an Oklahoma prison in 2007, "at which time he had no access to legal research material. It wasn't until the first part of 2008 before the petitioner had access to Idaho research material, where only then did the *Estrada* case surface making him aware of State Courts holdings." (Response, Dkt, 14, p. 2.) In his successive state post-conviction application, Petitioner stated that he became aware of *Estrada*, "due to information made available through the vast Legal Library and legal assistance here at the facility in Oklahoma." (State's Lodging C-1, p. 105.)

The *Estrada* opinion was issued on November 24, 2006, and rehearing was denied on January 22, 2007. *Estrada*, 149 P.3d at 833. Petitioner does not provide the specific time frames of his transfer, but the approximate dates can be extrapolated from his state pleadings and papers. On August 10, 2007, Petitioner filed a motion for transcripts in his first post-conviction matter, indicating that he resided at a prison in Boise, Idaho. (State's Lodging C-1, p. 92.) When Petitioner filed his successive state post-conviction application on March 10, 2008, his application indicated he was incarcerated in Sayre, Oklahoma. (State's Lodging C-1, p. 103.) Petitioner's federal statute of limitations expired on May 15, 2007, while Petitioner was still incarcerated in Boise, Idaho, where he had the same access to AEDPA and Idaho case law as any other Idaho inmate. Therefore,

Petitioner has failed to show any causal connection between his transfer and his untimely federal Petition.

Rather, Petitioner's argument appears to be one that he was ignorant of *Estrada* while housed in the Idaho prison because of a deficiency in the Idaho prison legal resource center. Petitioner makes no argument that the Idaho legal resource center did not have a copy of AEDPA, and, in particular, § 2244, the AEDPA statute of limitations provision. Petitioner's lack of knowledge of Estrada is not enough to warrant equitable tolling. The United States Court of Appeals for the Ninth Circuit has held that ignorance of the law alone is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). As a result, this argument for tolling fails.

Here, Petitioner has pointed to no set of facts that could be deemed an "extraordinary circumstance" preventing him from filing his federal petition in time, nor has he shown that any set of facts is causally connected to missing the deadline, such that equitable tolling would be applicable.

### 3.      Conclusion

Federal habeas corpus petitions are governed strictly by statute. Common sense alone might dictate a finding of timeliness where Petitioner diligently pursued his *Estrada* claim through the Idaho Supreme Court as soon as it was known to him, and then wasted no time in filing his *Estrada* claim in this Court. However, the federal habeas corpus statute prevents such a result, because Congress expressly intended habeas corpus to be a remedy of limited application, overriding a common-sense approach in favor of finality and deference to decisions of only the United States Supreme Court. Under the law, the Petition is untimely, and no factual circumstances exist that would merit application of equitable tolling. As a result, the Petition is subject to dismissal with prejudice.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for

COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate

Procedure 22(b), **within thirty (30) days after entry of this Order**.

**ORDER**

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED.
Petitioner's Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED
with prejudice.

3. The Court will not grant a Certificate of Appealability in this case. If
Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to
forward a copy of this Order, the record in this case, and Petitioner's notice
of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **June 22, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge